**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Stacey Ladrake PARSON, a.k.a. Ace, Defendant–Appellant.**

**No. 15–12416
Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 14, 2016.

Dawn Bowen, Wifredo A. Ferrer, Lisette Marie Reid, Kathleen Mary Salyer, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, Ellen L. Cohen, U.S. Attorney's Office, West Palm Beach, FL, for Plaintiff–Appellee.

Stacey Ladrake Parson, Estill, SC, pro se.

Before TJOFLAT, HULL and JILL PRYOR, Circuit Judges.

PER CURIAM:

Stacey LaDrake Parson is a federal prisoner serving a mandatory life sentence

after a jury convicted him of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Parson *pro se* appeals the district court's denial of both his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines and his subsequent motion for reconsideration. After review, we affirm.[1]

A district court may reduce a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. *Id.* A reduction is inconsistent with the Sentencing Commission's policy statements and is not authorized if the retroactive amendment does not actually lower the defendant's applicable guidelines range due to a statutory provision, such as a mandatory minimum. U.S.S.G. § 1B1.10(a)(2)(B) & cmt. n. 1(A); *United States v. Mills*, 613 F.3d 1070, 1077–78 (11th Cir.2010).

Here, the district court properly denied Parson's § 3582(c)(2) motion. At his original sentencing, Parson's guidelines range of life and his life sentence were based on the mandatory life sentence in 21 U.S.C. § 841(b)(1)(A) because Parson had three prior felony drug convictions. Thus Amendment 782, which lowered the base offense levels for most drug offenses, *see* U.S.S.G. app. C, amend. 782, had no effect on Parson's guidelines range or his sentence. *See* U.S.S.G. § 5G1.1(b) (stating that a mandatory minimum sentence is the guidelines sentence when it is greater than the high end of the guidelines range).[2] Thus, the district court was not authorized under § 3582(c)(2) to reduce Parson's sentence. *See Mills*, 613 F.3d at 1078.

For the same reasons, the district court also did not abuse its discretion by denying Parson's motion for reconsideration, which argued incorrectly that Parson was not sentenced under the mandatory life sentence in § 841(b)(1)(A).

Parson also argues that: (1) the magistrate judge who presided over Parson's initial appearance failed to inform him of the nature of the charges; (2) Parson's indictment was insufficient because it did not charge him with violating § 841(b)(1)(A); (3) prior to Parson's trial, the government failed to comply with the procedural requirements of 21 U.S.C. § 851; (4) at his original sentencing, the government failed to produce sufficient evidence of the drug quantity; and (5) at his original sentencing, the district court erred by treating the Sentencing Guidelines as mandatory. These issues are outside the limited scope of a § 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 831, 130 S.Ct. 2683, 2694, 177 L.Ed.2d 271 (2010); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir.2000). To the extent Parson contends the prosecutors representing the government in this appeal

---

1. "We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir.2008).

2. Notably, even if Parson were not subject to § 841(b)(1)(A)'s mandatory life sentence, Amendment 782 still would not have lowered his guidelines range. Parson's base offense level remains level 38 after Amendment 782 because at the original sentencing the district court found that Parson's drug conspiracy offense involved 150 kilograms of cocaine base. *See* U.S.S.G. § 2D1.1(c)(1) (2015) (assigning an offense level of 38 if the offense involved 25.2 kilograms or more of cocaine base). Parson's claims that the sentencing court did not make a drug quantity finding and did not apply the mandatory minimum sentence are flatly refuted by the sentencing transcript.

committed any misconduct, we find this claim meritless.

Finally, Parson has not shown that the district court judge was required to recuse *sua sponte* in Parson's case.[3] Parson's allegations of bias concern only the district court's actions in denying his § 3582(c)(2) motion and a subsequent motion for a certified copy of his sentencing transcript. Parson does not allege bias from an extrajudicial source or point to any judicial remarks indicating bias against Parson. *See Thomas v. Tenneco Packaging Co.,* 293 F.3d 1306, 1329 (11th Cir.2002) (explaining that the kind of bias requiring recusal generally must stem from an extrajudicial source unless the judge's remarks in the judicial proceedings demonstrate such pervasive bias that it constitutes bias against a party). Moreover, Parson provides no evidence supporting his allegations of bias or of a conflict of interest.

For these reasons, the district court properly denied Parson's § 3582(c)(2) motion and motion for reconsideration and was under no obligation to recuse *sua sponte.*[4]

**AFFIRMED.**

---

**3.** Where, as here, a party fails to seek recusal of a judge before the district court, we review the judge's decision to not recuse *sua sponte* for plain error. *Hamm v. Members of the Bd. of Regents of the State of Fla.,* 708 F.2d 647, 651 (11th Cir.1983).

**4.** Parson's "Supplemental Affidavit of Stacy LaDrake Parson in Support of Appellant's Response and Reply Brief," construed as a motion for reconsideration of the Court's order dated December 29, 2015 denying his motion for appointment of counsel is **DENIED.**

In addition to the grounds discussed in the Court's December 29, 2015 order, we note the following. When Parson filed his *pro se* § 3582(c)(2) motion, the district court appointed the federal public defender to represent him. After the district court denied the § 3582(c)(2) motion, and Parson's notice of appeal was filed, Parson filed a *pro se* motion seeking to have his appointed counsel discharged on appeal because his counsel had informed Parson that he would file an *Anders* brief. The district court granted Parson's request, and Parson has represented himself on appeal.